**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kitty K. BURTON,
Defendant–Appellant.**

No. 87–2650.

United States Court of Appeals,
Tenth Circuit.

Oct. 30, 1989.

Brent D. Ward, Dee Benson, U.S. Attys., Glen R. Dawson, Asst. U.S. Atty., Salt Lake City, Utah, for plaintiff-appellee.

Lowell H. Becraft, Jr., Huntsville, Ala., for defendant-appellant.

Before McKAY, SEYMOUR, and TACHA, Circuit Judges.

PER CURIAM.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Defendant-appellant appeals her conviction for distributing handbills without a permit at the offices of the Internal Revenue Service in Salt Lake City, Utah, on April 13, 1987, in violation of 41 C.F.R. § 101–20.309 (1986).[1] Defendant moved to

---

1. 41 C.F.R. § 101–20.309 (1986) provided:

Posting or affixing materials, such as pamphlets, handbills, or flyers, on bulletin boards or elsewhere on GSA-controlled property is prohibited, except as authorized in § 101–20.308 or when these displays are conducted as part of authorized Government activities. Distribution of materials, such as pamphlets, handbills, or flyers, is prohibited, except in the public areas of the property as defined in § 101–20.701(b), unless conducted as part of authorized Government activities. Any person or organization proposing to distribute materials in a public area under this

dismiss the prosecution on jurisdictional grounds.

She argued that since the property on which she admittedly was distributing handbills without a permit was not owned by the federal government, but merely leased by it, the United States had no jurisdiction to enforce the handbill regulation against her. The trial court denied defendant's motion to dismiss, and after a bench trial on October 8, 1987, convicted defendant and imposed a fifty-dollar fine.

On appeal, defendant admits that she committed the acts prohibited by 41 C.F.R. § 101–20.309, but challenges the federal government's jurisdiction to prosecute her for such acts.

The General Services Administration (GSA) promulgated 41 C.F.R. § 101–20.309 pursuant to the authority granted it in the Protection of Public Property Act (PPPA), 40 U.S.C. §§ 318–318d.[2] Section 318 of that Act provides:

> The Administrator of General Services or officials of the General Services Administration duly authorized by him may appoint uniformed guards of said Administration as special policemen without additional compensation for duty in connection with the policing of public buildings and other areas under the jurisdiction of the Administrator of General Services. Such special policemen shall have the same powers as sheriffs and constables upon such Federal property to enforce laws enacted for the protection of per-

> sons and property, and to prevent breaches of the peace, to suppress affrays or unlawful assemblies, and to enforce any rules and regulations made and promulgated by the Administrator or such duly authorized officials of the General Services Administration for the property under their jurisdiction: *Provided*, That the jurisdiction and policing powers of such special policemen shall not extend to the service of civil process and shall be restricted to Federal property over which the United States has acquired exclusive or concurrent criminal jurisdiction.

40 U.S.C. § 318.

Defendant's jurisdictional challenge to her prosecution focuses on the final clause of section 318 which restricts the exercise of jurisdiction and policing powers to property over which the federal government has exclusive or concurrent jurisdiction. Defendant contends that the property on which she distributed handbills was leased by the government from a private corporation, and the federal government did not have either exclusive or concurrent jurisdiction over it. Therefore, she argues, the United States cannot enforce the regulation at issue.

■ The federal government can obtain concurrent or exclusive legislative jurisdiction over specific property either by complying with the provisions of art. I., § 8, cl. 17, of the United States Constitution,[3] or

---

section shall first obtain a permit from the buildings manager under Subpart 101–20.7 and shall conduct distribution in accordance with the provisions of Subpart 101–20.7. Failure to comply with those provisions is a violation of these regulations.

**2.** 40 U.S.C. § 318a provides:

The Administrator of General Services or officials of the General Services Administration duly authorized by him are authorized to make all needful rules and regulations for the government of the Federal property under their charge and control, and to annex to such rules and regulations such reasonable penalties, within the limits prescribed in section 318c of this title, as will insure their enforcement: *Provided*, That such rules and regulations shall be posted and kept posted in a conspicuous place on such Federal property.

This congressional grant of authority has been held to be constitutional. *See United States v. Cassiagnol*, 420 F.2d 868, 876–77 (4th Cir.), *cert. denied*, 397 U.S. 1044, 90 S.Ct. 1364, 25 L.Ed.2d 654 (1970).

**3.** Art. I, § 8, cl. 17 provides that Congress shall have the power:

To exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of Government of the United States, and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings.

*Despite the language of this clause, a state may reserve local jurisdiction to itself and cede*

by receiving a cession of legislative jurisdiction from the state in which the property is located. *See Fort Leavenworth R.R. Co. v. Lowe,* 114 U.S. 525, 541–42, 5 S.Ct. 995, 1004, 29 L.Ed. 264, 270 (1885).

On appeal, the government does not dispute that it merely leased the property in question and did not have either exclusive or concurrent jurisdiction over it. Instead, the government contends that it can enforce the handbill regulation against defendant regardless of whether the United States had jurisdiction over the specific property on which defendant violated the regulation.

First, the government argues that the jurisdictional restriction of 40 U.S.C. § 318 has been abolished by the annual appropriations acts passed by Congress in the last several years, beginning with the Supplemental Appropriations Act, 1971, Pub.L. No. 91–665, 84 Stat. 1981, 1984 (1971). Second, the government argues that it had "the power to prescribe the statutes and regulations at issue in this matter and has the power to fully enforce these provisions under the broad scope of the 'necessary and proper' clause of the United States Constitution, Art. I, Sec. 8, Cl. 18." (Brief for the United States as Appellee at 9.)[4]

Defendant contends that the appropriations acts did not alter the jurisdictional restriction in 40 U.S.C. § 318, but merely provided funding for the placement of special police on property controlled by the GSA but not under the concurrent or exclusive jurisdiction of the United States, *e.g.,* property leased by the federal government. Defendant asserts that if subsequent legislation had altered the jurisdictional limitation of 40 U.S.C. § 318, such alteration would appear on the face of the statute. Moreover, defendant argues, "[a]ppropriation acts merely provide funding for government agencies.... The United States cannot constitutionally expand its criminal jurisdiction in this fashion [*i.e.,*

through an appropriations bill]." (Reply Brief of Burton at 12.)

█ We disagree with defendant's contention that Congress cannot amend 40 U.S.C. § 318 through an appropriations act. The United States Supreme Court has held:

As a general rule, "repeals by implication are not favored." This rule applies with especial force when the provision advanced as the repealing measure was enacted in an appropriations bill. Indeed, the rules of both Houses limit the ability to change substantive law through appropriations measures. Nevertheless, when Congress desires to suspend or repeal a statute in force, "[t]here can be no doubt that ... it could accomplish its purpose by an amendment to an appropriation bill, or otherwise." "The whole question depends on the intention of Congress as expressed in the statutes."

*United States v. Will,* 449 U.S. 200, 221–22, 101 S.Ct. 471, 484, 66 L.Ed.2d 392, 410 (1980) (citations omitted). Likewise, if Congress so intends, it can amend the provisions of a statute through the use of an appropriations act.

The legislative history of the Public Building Amendments of 1988, Pub.L. No. 100–678, 102 Stat. 4049 (1988) (codified in scattered sections of 40 U.S.C.) (Amendments), sheds some light on congressional intent with respect to 40 U.S.C. § 318 and recent appropriations acts. The Amendments provide in pertinent part as follows:

SEC. 8  PROTECTION OF FEDERAL PROPERTY.

(a) REFERENCE TO GSA.—The Act of June 1, 1948 (62 Stat. 281; 40 U.S.C. 318–318d) is amended—

(1) by striking out "Federal Works Agency" each place it appears and inserting in lieu thereof "General Services Administration"; and

(2) by striking out "Federal Works Administrator" each place it appears and

---

only concurrent, not exclusive, jurisdiction to the United States. *James v. Dravo Contracting Co.,* 302 U.S. 134, 147–49, 58 S.Ct. 208, 215–16, 82 L.Ed. 155, 165–66 (1937).

**4.** Under the necessary and proper clause, Congress shall have the power:

To make all Laws which shall be necessary and proper for carrying into Execution the foregoing powers [enumerated in art. I, § 8, cl. 1–17], and all other Powers vested by this Constitution in the Government of the United States, or in any Department or Officer thereof.

inserting in lieu thereof "Administrator of General Services."

(b) INCLUSION OF LEASED PROPERTY.—The first section of such Act (40 U.S.C. 318) is amended to read as follows:

"SECTION 1. SPECIAL POLICE.

"(a) APPOINTMENT.—The Administrator of General Services, or officials of the General Services Administration duly authorized by the Administrator, may appoint uniformed guards of such Administration as special policemen without additional compensation for duty in connection with the policing of all buildings and areas owned or occupied by the United States and under the charge and control of the Administrator.

"(b) POWERS.—Special policemen appointed under this section shall have the same powers as sheriffs and constables upon property referred to in subsection (a) to enforce the laws enacted for the protection of persons and property, and to prevent breaches of the peace, to suppress affrays or unlawful assemblies, and to enforce any rules and regulations promulgated by the Administrator of General Services or such duly authorized officials of the General Services Administration for the property under their jurisdiction; except that the jurisdiction and policing powers of such special policemen shall not extend to the service of civil process.".

(c) CONFORMING AMENDMENTS.—

(1) SECTION 2.—Section 2 of such Act (40 U.S.C. 318a) is amended by striking out "Federal property" each place it appears and inserting in lieu thereof "property".

(2) SECTION 3.—Section 3 of such Act (40 U.S.C. 318b) is amended by striking out "and over which the United States has acquired exclusive or concurrent criminal jurisdiction".

102 Stat. at 4052–53.

The Senate Report attached to Senate Bill S. 2186 [5] reflects that Congress intended to expand the jurisdiction of the special police under 40 U.S.C. § 318 through recent appropriations acts:

Section 7 [enacted as section 8] amends the statutory authority for GSA's security and law enforcement functions. The present statute authorizes the agency to exercise these functions only in areas where the relevant State government or other competent authority has ceded exclusive or concurrent criminal jurisdiction. The amendment expands this authority to all buildings and areas that are under the charge and control of the GSA.

Congress has recognized the need for such authority by including a similar provision in GSA's appropriation act or continuing resolution for the past several years. However, this authority would be more properly provided through the amendment to the authorizing statute.

S.Rep. No. 100–322, 100th Cong., 2d Sess. 6 (1988).

■ In addition to disputing the government's argument with respect to recent appropriations acts, defendant disputes the government's reliance on the necessary and proper clause of the United States Constitution, art. I, § 8, cl. 18, to sustain the constitutionality of its actions. In *McCulloch v. Maryland*, 17 U.S. (4 Wheat.) 316, 4 L.Ed. 579 (1819), the United States Supreme Court considered the scope of the necessary and proper clause. The Court concluded:

We admit, as all must admit, that the powers of the government are limited, and that its limits are not to be transcended. But we think the sound construction of the constitution must allow to the national legislature that discretion, with respect to the means by which the powers it confers are to be carried into execution, which will enable that body to perform the high duties assigned to it, in the manner most beneficial to the people. Let the end be legitimate, let it be within the scope of the constitution, and all means which are appropriate, which are plainly adapted to that end, which are not

5. The Senate bill was passed in lieu of the House bill (H.R. 2790) after the Senate bill was amended to include much of the text of the House bill. H.R.Rep. No. 100–474, 100th Cong., 1st Sess. 1, *reprinted in* 1988 U.S.Code Cong. & Admin.News 5677, 5677.

prohibited, but consistent with the letter and spirit of the constitution, are constitutional.

*Id.* at 421, 4 L.Ed. at 605.

The legislation enacted by Congress at issue here, to wit: the appropriations acts and the Amendments, give GSA-appointed special policemen the power to enforce GSA rules and regulations on property merely leased by the United States. Such legislation has a legitimate end (the enhancement of the GSA's ability to maintain, operate, and protect the property under its jurisdiction), is within the scope of the Constitution, and is plainly adapted to achieve its end. Therefore, the expansion of special policemen's jurisdiction constitutes a proper exercise of congressional power under the necessary and proper clause of the United States Constitution.

■ The appropriations act in effect at the time defendant was arrested for distributing handbills provided in pertinent part:

> Funds made available by this or any other Act to (1) the General Services Administration, including the fund created by the Public Building Amendments of 1972 (86 Stat. 216), and (2) the "Postal Service Fund" (39 U.S.C. 2003), shall be available for employment of guards for all buildings and areas owned or occupied by the United States or the Postal Service and under the charge and control of the General Services Administration or the Postal Service, and such guards shall have, with respect to such property, the powers of special policemen provided by the first section of the Act of June 1, 1948 (62 Stat. 281; 40 U.S.C. 318), but shall not be restricted to certain Federal property as otherwise required by the proviso contained in said section …: *Provided,* That when the Administrator of General Services delegates responsibility to protect property under his charge and control to the head of another Federal agency, that agency may employ guards to protect the property who shall have the same powers of special policemen in the same manner as the foregoing.

Continuing Appropriations Act, Fiscal Year 1987, Pub.L. No. 99–591, 100 Stat. 3341, 3341–329 to 3341–330 (1986). Under this act, the jurisdiction of the special police to enforce the handbill regulation at issue extended to the property leased by the United States to house the offices of the Internal Revenue Service in Salt Lake City, Utah. Therefore, the federal government had jurisdiction to prosecute defendant for violating 41 C.F.R. § 101–20.309. *Cf. United States v. Gliatta,* 580 F.2d 156 (5th Cir.) (appropriations act in effect at time defendant violated administrative regulations concerning conduct on postal property removed jurisdictional restriction of 40 U.S.C. § 318, thereby giving federal government jurisdiction to enforce regulations in absence of either exclusive or concurrent criminal jurisdiction over the property), *cert. denied,* 439 U.S. 1048, 99 S.Ct. 726, 58 L.Ed.2d 708 (1978).

The judgment of the United States District Court for the District of Utah is AFFIRMED.